OPINION
Appellant Bexley Hall appeals a judgment of the Court of Common Pleas, Probate Division, of Tuscarawas County, Ohio, which held the proceeds of the Samuel C. Vale Trust should be distributed to appellee Kenyon College. Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR
THE ORDER OF DISTRIBUTION TO KENYON COLLEGE BY THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In its judgment entry of April 16, 1999, the trial court found the Last Will and Testament of Samuel C. Vale was executed in December of 1965. Item VI of the Will provided after certain disbursements, the rest, residue and remainder of the estate was to be held in trust. Item VI made provisions, inter alia, for decedent's step-daughter, Helen Emerson Turner. Under the will, Turner received an annuity of $300.00 per month for life. After Turner died, the remainder of the trust was to be given to the "Divinity School of Kenyon College at Gambier, Ohio." In April of 1966, Samuel C. Vale died. At the time the will was executed, and at the time of Samuel C. Vale's death, Kenyon College in Gambier, Ohio, had a theological division which was commonly referred to as "Bexley", referring to the building in which it was housed. In 1968, by agreement, Kenyon College and the theological division separated, and the theological division incorporated in the State of New York, taking the name of Bexley Hall. At the time of Turner's death, Bexley Hall was associated with other divinity schools under Colgate Rochester Divinity School, headquartered in Rochester, New York. Bexley Hall and Kenyon College had no relationship at the time, but Kenyon College does have a religion department, and Kenyon College maintains an affiliation with the Episcopal Church. The judge found the parties did not dispute that the exact terms of the Samuel C. Vale trust could not followed today with regards to distribution. Thus, the Executor of the Estate of Helen Emerson Turner applied to the court find the proper recipient which is closest to the testator's original intention. The court reviewed the will and held it could ascertain the intention of the testator from the instrument itself. Because the will contains specific language that the remainder should go to "the Divinity School of Kenyon College at Gambier, Ohio", the court found it is clear Kenyon College was the intended beneficiary, and the purpose of the trust was to promote a program of religious instruction at Kenyon College. The court further found the interests of all of the beneficiaries of Samuel C. Vale's will vested at the date of his death, April 18, 1966. The court found the clear intention of testator was that on that date Kenyon College was the vested beneficiary of residue of the trust. The court ordered the proceeds of the trust be distributed to Kenyon College, and this appeal ensued. Appellant urges the probate court's finding is against the manifest weight of the evidence. Appellant correctly cites C.E. Morris Company v. Foley Construction Company (1978), 54 Ohio St.2d 279, for the proposition that judgments supported by competent credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as against the manifest weight of the evidence, see Foley, syllabus by the court. Appellant urges the plain language of Vale's will indicates the trust should go to the divinity school, and its reference to Kenyon College in Gambier, Ohio, describes the divinity school's location. Bexley Hall, was at the time the will was executed, and is now a program of religious training granting higher degrees in divinity and ministry. Kenyon College's program does not do so now, although it did at the time of Mr. Vale's death. Appellant urges even though Bexley Hall has changed location it continues to function in the same capacity as at the time Mr. Vale executed his will, while Kenyon College has substantially changed in character. Kenyon College does not produce ministers of the church, but only offers a religious department. Appellant further claims when Bexley Hall and Kenyon College separated, Bexley Hall continued to be the legal successor to Kenyon's theological division, and thus, any funds or trusts held for Kenyon College Theological Division should be distributed to Bexley Hall. The probate court correctly found it did not have jurisdiction to determine any contractual rights arising out of the legal separation of Bexley Hall from Kenyon College, or the division of assets the separation affected. The probate court noted that although Bexley Hall could have a separate cause of action against Kenyon College for these funds, jurisdiction for that action would be with the court of common pleas, not the probate court. The trial court is correct, and the only issue before the probate court, and this court, is the distribution of the funds according the testator's intent. Kenyon College replies Bexley Hall is now associated with Colgate Rochester Divinity School, and the school's board of trustees has control over the financial resources of Bexley Hall. Kenyon College urges there is no indication in Vale's will he intended the residue of the trust be given to a seminary which is part of a corporation of divinity schools, located in another state. In construing the language of the will, the court must ascertain how to carry out the testator's intention, as expressed in the words of the will itself, see Carr v. Stradley (1977), 52 Ohio St.2d 220. The court must determine the intent of the testator within the bounds of law, Daloia v. Franciscan Health System of Ohio, Inc. (1997), 79 Ohio St.3d 98. We have reviewed the record, and we find trial court's factual decision, that the testator intended for the remainder of the trust to provide for religious studies in Kenyon College, is supported by sufficient competent and credible evidence. Accordingly, this court may not substitute our judgment for that of the trial court. The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Probate Division, of Tuscarawas County, Ohio, is affirmed.
 ____________________ GWIN, P.J.,
HOFFMAN, J., and WISE, J., CONCUR.